YARRUT, Judge.
Plaintiff-Appellee obtained judgment against Defendant-Appellant for $659.17, plus interest and attorney’s fees, as the balance of $353.00 due on a promissory note for $4500.00, $306.17 costs incurred in returning fugitive Frank Wright to New Orleans, and $50.00 for long-distance telephone calls in connection therewith. Defendant-Appellant has taken this appeal.
The note sued upon was signed by Frank Wright, his “common-law” wife Virginia Cheatham Wright, and Defendant-Bennett, for indemnification against loss in connection with the signing by Plaintiff of two bail bonds for the appearance of Wright, each for $2000.00, and $500.00 to pay premiums thereon. In addition, they executed an indemnity agreement to pay all expense incurred in connection with the bonds, particularly any expense incurred in producing Wright in court when called upon.
Wright, charged with armed robbery, fled the jurisdiction of the court and was apprehended in Martinez, California. Plaintiff-Appellee paid $300.00 for his return to New Orleans, and $50.00 for long-distance telephone calls.
Defendant-Appellant first pleaded fraud and forgery, along with an exception of vagueness. The exception was sustained. An amended petition was filed and answered by a general denial.
During the trial Defendant for the first time sought to prove payment on account in the amount of $125.00, but the trial judge refused to permit the evidence, holding that the plea of fraud and forgery foreclosed any other defense. The trial judge concluded the instruments were not forgeries by comparing the handwriting on the questioned documents with admitted signatures of Defendant, without benefit of a handwriting expert, and rendered judgment for Plaintiff-Appellee, with which we ?gree after examining the signatures.
*145 However, the trial judge, though denying a new trial, on a motion therefor, upon admission of Plaintiff-Appellee that he had received $125.00 in payment, credited this amount and amended the judgment accordingly.
The question of the correctness vel non of the trial court’s ruling excluding evidence of payment during the trial on the ground the forgery plea precluded any other defense, became moot when the trial court, upon admission of Plaintiff-Appellee, amended the original judgment to allow the credit claimed, for which Plaintiff-Appellee has not appealed or complained.
For the reasons assigned, the judgment of the lower court is affirmed; Defendant-Appellant to pay all costs in both courts.
Affirmed.